Wood, C. J.
In this case we have derived no aid from the investigations of-counsel. No brief of the points and authorities, •on which the plaintiff relies for the reversal of the judgment, has been furnished, as required by the rules of this court; and we ought, perhaps, in strict justice, to have caused the case to be stricken from the docket. The peace, quiet, and good order, however, not only of this municipal corporation, but many others in this state, have induced us, in this instance, to disregard rules of practice, and dispose of the questions raised on the record, upon the broad ground of their merits.
It appears to have been urged, against a recovery in the court below, that the ordinance under which the plaintiff in error was arrested, contemplated a criminal prosecution, and that debt was not the proper remedy. It is true, for offenses strictly criminal or infamous, punishment can only be inflicted through the medium of an indictment or presentment of the grand jury. Constitution of Ohio, art. 8, sec. 10. There are, however, many offenses, made so by statute, which are but quasi criminal, and where the legislature may direct the mode of redress, untrammeled by this constitutional provision. Such is Sabbath break- , ing, selling spirituous liquors on Sunday, and the disturbance of religious meetings, with many others. Swan’s *Stat. 255, 256. Long acquiescence in these enactments goes far to show the construction which has been placed by all on the constitution, *591 and that there may be many offenses, though decidedly immoral and mischievous in their tendencies, that are not crimes, but at most only quasi criminal. Of such, jurisdiction may be given to a justice of the peace, or the mayor of an incorporated town. The charter of the defendant, in the case at bar, authorizes the enactment of any ordinance or by-law not inconsistent with the constitution and laws of this state, and the record shows that the ordinance in question was passed March 11, 1843. We can not perceive that it is in conflict with either the constitution or laws of the state.
If it be said, that the making of ordinances and by-laws by a town corporate, is legislation, and that, by the constitution, all legislative power is vested in the general assembly, and can be exercised by no other body, the frequent adjudications of this court, sanctioning the exercise of this power, by the cities of Cincinnati and Cleveland, overthrow the argument.
It is not, «however, the exercise of legislative power. A statute enacted bjr the general assembly prescribes a rule of action which operates upon all — the willing and unwilling. It comes from the superior, and the inferior is bound to obey it. The charter to a municipal corporation is the exercise of legislative authority. It permits the establishment of by-laws and ordinances; but these are a matter of compact and agreement among the corporators. They do not act upon others, but only upon themselves, and by mutual consent, either directly or indirectly expressed, through the city or town council. These ordinances, so made, are not the legislative power vested exclusively in the general assembly.
The proceedings before the mayor are now of no consequence, if they were such as to give the court of common pleas jurisdiction, because they were vacated by the appeal; and we do not see any reason why they were not sufficient for that purpose. In the common pleas, the action is debt, which is a *civil remedy or suit. The object of the action is the recovery of a penalty or forfeiture accruing from the violation of the ordinance by the plaintiff in error. This violation of his was, it is true, quasi criminal, decidedly immoral, and, as shown by the court, tended greatly to disturb the repose of the good people of Akron. The penalty-results from such violation. It is a sum of mony due by reason thereof, and the remedy, is strictly civil.
Is debt the proper form of the action ? If not, it is very clear *592 thero is no remedy. Assumpsit can not be supported, for the want of a promise. Covenant will not lie, for there is no obligation under seal. Neither trespass nor care are any more appropriate. Debt is, in fact, the only form of action recognized by the principles of the common law for the recovery of fines, penalties, and forfeitures. 1 Chit. PI.101.
It was said, on the trial below, that beer was not intoxicating liquor, and therefore not within the terms of the ordinance. The evidence spread upon the record shows that it had decidedly an intoxicating effect upon the vendee; that, after drinking it, he immediately became boisterous, and the plaintiff in error was compelled to force him from his premises. But, aside from this, beer may be denominated the “ raw material ” from which alcohol is made, and science proved on the trial the parts of which it was composed, by actual analysis, and we can not differ with the court of common pleas in opinion that-it is in its very nature inebriating in its consequences, when drank to excess.
• No objection is perceived by us to the opinion of the court below, on the ground that no consideration was paid for the beer. If there was no liability to pay; the evil contemplated by the ordinance was the same. It sought to provide against the disposition of intoxicating liquors to be drank where sold. As penal laws, however, must be construed strictly; if the terms “ vend and sell,” only, wore used in the ordinance, there would be more difficulty, as those words imply a consideration; but to retail, is to dispose of in small quantities, and .may be ^either for or without a consideration. It may be a distribution of a wholo into parcels. Wal. Die.
There is another ground, however, which is decisive of the case. It will be seen that the bill of exceptions sets forth the testimony given on the trial, with' the arguments of counsel, which were submitted to the court of common pleas, and then exception is taken, not to any testimony offered, but to the judgment. In other words, it is an exception to the effect which the testimony produced on the mind of the judges.
There are several decisions of our own court, as well as others, that, when the court is substituted for the jury, and the.facts as well as the law referred to the court for decision, its judgment, on the facts, can not be reversed on a writ of error. Wright’s Sup. C. 47, 673; 4 Peb. 80.
The judgment is therefore affirmed.