(Hamilton County Common Pleas.)

## W. M. AMPT v. THE CITY OF CINCINNATI.

Meere failure to comply with statutory provisions having reference to the issue of city bonds will not relieve the city from the obligation of repaying the money borrowed on the faith of such bonds.

---

SAYLER, J.

An ordinance was duly passed by the common council of the defendant city in June, 1886. to condemn property for the purpose of opening Fergus street from Spring Grove avenue to Cincinnati, Hamilton & Dayton Railroad, and whereby a strip of ground was condemned and appropriated to such public use for street purposes, and whereby the solicitor is authorized and instructed to institute the necessary proceedings for an inquiry and assessment of the compensation to be paid for such property, and "the

amount so found, together with the costs of the action, shall be assessed per front foot upon the property abutting on the improvement contemplated herein, which is hereby declared to be the property benefited by said appropriation according to the law in such cases made and provided.''

The council did not by said ordinance, or in any other way, or at any other time, provide that the bonds of the city should be issued in anticipation of the assessment determined upon in said ordinance.

The compensation for said property was duly ascertained, and on August 7, 1888, the Board of Public Affairs of the city passed an ordinance to issue ten bonds of $147.57 each, payable respectively in one to ten years and bearing five per cent. interest, in anticipation of an assessment thereafter levied by said board.

The bonds were thereupon issued by said board of date of August 27, 1888; in all for $1,475.70.

On January 18, 1889, an assessment was levied on the property amounting in the aggregate to $1,881.52. This assessment was by a decree of court reduced to $607.59; yet the Trustees of the Sinking Fund paid the matured interest on all of said bonds up to August 27, 1894, and the six bonds matured up to that date, leaving the four bonds unpaid.

The plaintiff says that unless enjoined by the decree of this court the said trustees will pay the principal and interest of said four bonds, although issued without the order of the council of said city as required by statutes, and the plaintiff prays that the court find and declare said four bonds to be null and void, and that said trustees be enjoined from paying out of any of the funds of the city any part of the principal or interest of the same.

The defendants file a demurrer to this petition.

The contention on the part of the plaintiff is that the legislative power to borrow money and issue bonds in anticipation of assessments is in the council under sections 2704 and 2707 of the Revised Statutes, and that under section 2264, ''in cities of the first and third grades of the first class, at the time when the council determines that the cost of such improvement is to be assessed as above provided (that is, by the front foot, etc.), it shall also determine in how many installments said assessments shall be payable; at what intervals, if payable in more than one installment; also whether or not bonds shall be issued in anticipation of such assessments.'' And the plaintiff further contends that the power given in section 2314a to the Board of Public Works to borrow money in anticipation of assessments and to issue bonds of the corporation therefor is simply administrative, to carry out the legislation of the council.

If this contention be granted, is the plaintiff who sues as a taxpayer and on behalf of the city of Cincinnati entitled to the remedy sought in the petition?

Power is given to the city of Cincinnati by sections 2704, 2705, 2264 and 2314a to borrow money in anticipation of the collection of any special assessment, and issue the bonds of the corporation therefor.

In this case the money was borrowed and bonds were issued. That the mere fact that the provisions of the statute relating to the issuing of bonds were not complied with, will not relieve the city of its obligation to repay the money borrowed. I think this proposition is settled by the Supreme Court of the United States in the case of Louisiana v. Wood, 102 U. S., 294: ''It would certainly be wrong to permit the city to repudiate the bonds and keep the money diverted diate the bonds and keep the money borrowed on their credit. The city could lawfully borrow. The objection goes only to the way it was done.''

To declare the bonds invalid would therefore be of no avail to the city; in fact, it would work harm, as by the bonds but five per cent. interest is to be paid, while if the city is held for money borrowed on its obligation to repay, it will be held for legal interest—six per cent. (Ib. 299.)

But there is another matter to be considered.

''Bonds payable to bearer, issued by a municipal corporation. * * * if issued in pursuance of a power conferred by the législature, are valid, commercial instruments; but if issued by such a corporation which possessed no power from the legislature * * * they are invalid, even in the hands of innocent holders.'' (16 Wall. 650.)

That the city of Cincinnati had power conferred by the legislature to issue the bonds must be conceded. The presumption is that the holder of the bonds acquired them in good faith and for value. (14 Wall. 295; 107 U. S. 158.)

On August 27,1888, ten bonds were issued, payable respectively in from one to ten years, with interest. Interest on all of the bonds was paid by the city up to August 27, 1894, and the six bonds matured to that date were paid.

It seems to me that the city is stopped to deny the validity of the bonds now outstanding. (7 Ohio St. 331; 14 Ohio St. 587; Wall. 772, 782.)

I think the demurrer to the petition should be sustained.

Corporation Counsel, for the demurrer.
Wm. M. Ampt, contra.